REVISED November 4, 2016

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60716
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2016

Lyle W. Cayce
Clerk

EDWIN J. AMAYA-MALDONADO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 144 051

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Edwin J. Amaya-Maldonado, a native and citizen of Honduras, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the Immigration Judge (IJ) denying his application for withholding of removal and relief under the Convention Against Torture (CAT). According to Amaya-Maldonado, the IJ failed to state adequate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for his decision and did not permit Amaya-Maldonado to identify the particular social group of which he was a part and for which membership he was persecuted. Amaya-Maldonado asserts that his family is a particular social group which has been targeted by a Honduran gang in that, ten years previously, the gang tried ten times to force him to join, a gang member raped his sister, and another gang member killed his brother-in-law.

Reviewing the BIA's decision and the IJ's decision, upon which the BIA relied, *see Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997), we find that substantial evidence supports the BIA's determination that Amaya-Maldonado failed to show a clear probability that he was or would be persecuted as a member of a group of persons sharing an immutable characteristic. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Moreover, the record evidences that the IJ confirmed with Amaya-Maldonado that he had presented all of the evidence and testimony he desired regarding his claims.

As to the denial of CAT relief, the substantial evidence supports the BIA's and IJ's conclusion that Amaya-Maldonado failed to show by a preponderance of the evidence that a party acting with the acquiescence of, or under the control of, a public official inflicted physical or psychological "severe pain or suffering" for the purpose of "obtaining information or confession," "punishing," intimidating or coercing, or another reason based in discrimination. *See* 8 C.F.R. § 208.18(a)(1); *Chen v. Gonzales*, 470 F.3d 1131, 1134, 1139 (5th Cir. 2006). Further, Amaya-Maldonado presents no evidence compelling a conclusion other than that he failed to show that it was "more likely than not that [Amaya-Maldonado] would be tortured if removed to . . . Honduras." *See* 8 C.F.R. § 208.16(c)(2); *Chen*, 470 F.3d at 1134, 1139.

Amaya-Maldonado's petition for review is DENIED.